SANDERS, C. J.,
is of the opinion that a writ should be granted.
CALOGERO, J.,
is of the opinion the writ should be granted. Both lower courts are obviously wrong. The pension plan, from which plaintiff is receiving remuneration in the form of payments, is one “toward the cost of which” the .employer is contributing or has contributed. R.S. 23 :1601(7) (c). The result in this case cannot be defended on the basis that the Court of Appeal has found precluding facts, which facts are at variance with the reality that “the pension plan” (the Court of Appeal called it that) is one toward the cost of which the employer has contributed or is contributing. If the employer has contributed or is contributing to the pension plan, the result here is wrong under the statute. If it is seriously argued that the employer has not or is not contributing (but will do so only after the employee has received in pension payments all of what money he contributed to the plan) then we should at least view the transcript of the trial, by calling for applicant to furnish us a copy of same, before denying their writ.
DENNIS, J., dissents from the denial of the writ for the reasons assigned by CALOGERO, T.